UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AHMED SAAD,

        Plaintiff,

   -against-

ALYSSA JACQULYN GONZALEZ;
CAROL L. GONZALEZ; CHASITY GONZALEZ;
and MARIO GONZALEZ,

        Defendants.
-------------------------------------------------------------------x

**REMAND ORDER**
25-CV-02160 (OEM) (RML)

ORELIA E. MERCHANT, United States District Judge:

    Plaintiff Ahmed Saad commenced this personal injury action against Defendants Alyssa Jacqulyn Gonzalez, Carol L. Gonzalez, Chasity Gonzalez. and Mario Gonzalez (together "Defendants") in the Supreme Court of New York, Richmond County. Verified Complaint, ECF 1-1. On April 17, 2025, Defendants removed the action asserting diversity subject-matter jurisdiction. Notice of Removal, ECF 1. For the following reasons, this action is *sua sponte* remanded to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

    Pursuant to 28 U.S.C. § 1447(c), if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

    Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met.

*Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  A removing party bears the burden of establishing that: (1) damages or the amount in controversy exceeds the $75,000, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties.  28 U.S.C. § 1332(a); *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]").  "[I]f the jurisdictional amount is not clearly alleged in [the] complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  *Lupo*, 28 F.3d at 273-74.

Defendants removed this action to this Court invoking diversity jurisdiction, asserting that there is complete diversity of citizenship between the parties and that Defendants "believe in good-faith that the amount in controversy based on pure exposure value could exceed $75,000, exclusive of interests and costs" based on Plaintiff's filing of a motion for summary judgment in the state court on April 11, 2025.  Notice of Removal ¶ 14.

On April 24, 2025, the Court ordered Defendants to show cause why this action should not be remanded to state court for failure to assert facts establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a) as Plaintiff's complaint is completely silent on the damages sought.  Order to Show Cause dated April 24, 2025 (citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)).  The Court also ordered Defendants to file an amended notice of removal that complies with this District's Local Civil Rule 81.1(5) which provides that "the notice of removal must set forth . . . the date on which each party that has been served was served [*sic*]."  *Id.*

In response to the Court's Order, Defendants assert that "[t]he removal statute permits defendants to file a notice of removal 'within thirty days' of being served the summons and complaint if the complaint clearly states the amount in controversy exceeds $74,999" or if complaint fails to do so, "thirty days from when plaintiff sets forth in writing that the amount in controversy exceeds $74,999." Defendants' Response to Order to Show Cause[1] ("OSC Resp."), ECF 7, at 2 (citing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010)).[2] Defendants then concede that the "complaint does not specifically set forth an amount in controversy" but instead point to the complaint seeking "demands judgment against the defendants in an amount . . . that exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction over this action . . . ." *Id.*

Defendants assert that, on April 11, 2025, they served on Plaintiff's counsel a CPLR § 3017(c) demand, which allows a defendant in a New York state personal injury action to "request a supplemental demand setting forth the total damages to which the [Plaintiff] deems himself entitled" but that Plaintiff failed to provide any response by April 26, 2025, *id.* (citing CPLR § 3017(c), which provides that a party served within such a demand must respond within fifteen days), and that they sent Plaintiff's counsel a stipulation to cap damages at $74,999 "in exchange for not removing this case to federal court, but never received a response." *Id.* Further, Defendants assert that "[i]t is clear that the amount in controversy based on pure exposure value is more than $75,000" based on Plaintiff's affirmation of merit filed in support of the motion for summary judgment on liability filed in state court in which Plaintiff asserts that he "suffered serious injuries

---

[1] Defendants' response to the Court' Show Cause Order was erroneously docketed as a letter motion for reconsideration.

[2] Defendants' notices of removal are replete with erroneous statements that the jurisdictional threshold amount for diversity action in federal court is one that exceeds $74,999 and cite as support to *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). However, *Moltner* is inapposite, and it is textbook civil procedure and statutory law that the amount in controversy must *exceed* "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

to his neck, back, right shoulder and right knee . . . requiring to undergo a right knee surgery and a right shoulder surgery in July, 2023 . . . and continues to experience pain on a daily basis as a result of the injuries sustained in the accident." *Id.* Defendants conclude that "since there is complete diversity of citizenship between the parties and the plaintiff himself on April 11, 2025, attested to damages in excess of $74,999," removal is proper. *Id.* at 3.[3]

Here, Defendants' response to the Court's Order does not present facts that reconcile the deficiencies of Defendants' notice of removal. Defendants have simply failed to meet their burden of showing that the jurisdictional amount in controversy required for diversity jurisdiction is satisfied. As Defendants concede, the complaint "does not specifically set forth an alleged amount in controversy" and Defendants have not been served with any document that explicitly specifies the alleged damages. OSC Resp. at 2.

While the complaint alleges that Plaintiff "sustain[ed] severe, painful, and serious personal injuries" requiring surgery and "expend[ing] of diverse sums of money," Defendants "cannot meet their burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount." *Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016); *Roseboro v. Shelton*, 2023 WL 8258882, at *2 (E.D.N.Y. Nov. 29, 2023). Such boilerplate allegations do not permit the Court to draw a reasonable inference that the damages or amount in controversy exceeds $75,000. *Burtis v. Samin*, No. 18-CV-2789 (DLI) (VMS), 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (finding that no reasonable inference could be drawn about the amount in controversy from allegations that plaintiff "suffered serious and severe injuries to his

---

[3] Defendants filed an amended notice of removal to comply with the Court's Order requiring Defendants to comply with Local Civil Rule 81.1(5)'s requirement that a notice of removal must state when each party was served. Defendants asserted that they were each served with the summons and complaint on February 24, 2025. Amended Notice of Removal, ECF 8, ¶ 5. Aside from this added assertion, the amended notice is nearly and materially identical to the original notice of removal.

neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (finding allegations that the plaintiff sustained "serious and permanent personal injuries . . . including neck trauma, back trauma, contusions, abrasions, bruises and swelling about her body resulting in substantial and related pain" to be insufficient).

To the extent that Defendants argue that the amount in controversy is satisfied because the complaint demands judgment "in an amount . . . that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction,'" OSC Resp. at 2, the "mention of the 'lower courts' [in Plaintiff's state court complaint] is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts." *See Wright v. JB Hunt Transp. Inc.*, 2019 WL 1936725, at *2 (E.D.N.Y. May 1, 2019). Thus, Plaintiff's decision to file this case in state court where damages must exceed $25,000 does not support the conclusion that the amount in controversy exceeds $75,000. *See Zhang v. Costco Wholesale Corp.*, 2023 WL 2306021, at *2 (E.D.N.Y. Mar. 1, 2023).

Defendants also attempt to rely on Plaintiff's allegations in his motion for summary judgment filed in state court that he "suffered serious injuries to his neck, back, right shoulder and right knee . . . requiring to undergo a right knee surgery and a right shoulder surgery in July, 2023 . . . and continues to experience pain on a daily basis as a result of the injuries sustained in the accident." OSC Resp. at 2; Exhibit C, ECF 7-1.[4] However, the motion for summary judgment is equally silent on the damages sought, and the allegations set forth therein mirror the complaint's boilerplate and generalized allegations. *See United Food*, 30 F.3d at 305-06 (record outside

---

[4] Where the "pleadings are inconclusive" as to the amount in controversy, "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

pleading that did not contain "submissions or estimates of [] costs" was "inconclusive" and "fail[ed] to establish to a reasonable probability that the amount in controversy exceeds the statutory minimum in this case"); *see id.* ("any attempt on [the Court's] part to put a monetary value [on Plaintiff's claim] would be purely speculative on this record" and that Plaintiff is the master of his claims).

Finally, Defendant has not fully availed itself of the recourse in state court to determine the amount in controversy. While Plaintiff failed to respond to Defendants' C.P.L.R. § 3017 demand, Defendants could have "move[d] in the state court for an order directing the production of that information" as provided by C.P.L.R. § 3017(c). *Roseboro v. Shelton*, 2023 WL 8258882, at *2 (E.D.N.Y. Nov. 29, 2023) (citing N.Y. C.P.L.R. § 3017(c)); C.P.L.R. § 3017(c) ("In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served."). However, Defendants removed this case prematurely and simply presumed that their allegations in the notice of removal will be deemed sufficient with respect to the required amount in controversy. *See Cavaleri v. Amgen, Inc.*, 20-CV-1762 (PKC) (RML), 2021 951652, at *3 (E.D.N.Y. Mar. 12, 2021). Defendants cannot ignore their failure to "take the statutorily authorized and readily available step of" filing a motion in the state court to ensure that they could sufficiently allege the requisite jurisdictional amount before removing. *Id.* Consequently, the Court finds that Defendants have failed to meet their burden of establishing the jurisdictional amount requirement. *Id.* (remanding *sua sponte* "for lack of federal subject-matter jurisdiction" where allegations in defendants' notice of removal "are insufficient to establish that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction").

## CONCLUSION

This case is *sua sponte* remanded to the Supreme Court of the State of New York, Richmond County under case number 150546/2025.

The Clerk of Court is respectfully directed to send a certified copy of this order for the Supreme Court of the State of New York, Richmond County, to send a copy of this order to the parties, and to close this case in this court.

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

May 29, 2025
Brooklyn, New York